## Jones, etc., et al. v. Podover

*Adis & McDermott*, for plaintiffs.
*Herman Weiner*, for defendant.

FLOOD, J., November 24, 1952.—This complaint in trespass was filed by a minor and his mother to recover for an assault and battery by fist committed against the minor on June 15, 1951. The father of the minor has filed a petition and rule to amend the complaint to include a cause of action on his own behalf for an assault and battery by automobile against him by the defendant on October 2, 1952. It is averred in the petition that both assaults "were motivated by the defendant's malice toward the entire household of (the) petitioner and that the two . . . are part of a pattern that permit the joinder of these two causes of action by amendment". Defendant filed an answer on the grounds that plaintiffs have failed to set forth facts which would entitle them to have the complaint amended and that they are attempting to incorporate a new and distinct cause of action.

Rule 1044 permits the joinder of causes of action in trespass and rule 2229 (*a*) the joinder of plaintiffs, where the actions arise from the same series of transactions or occurrences, provided any common question of law or fact affecting the rights to relif of all such persons will arise in the action. It seems to us that if the assaults on both the father and son arose from the same motive of malice toward the family that there is a series of occurrences within the meaning of the rule and a proper case for joinder. The averment of a

214

common motive in both assaults satisfies the requirement as to a common question of law or fact in the two cases. Both are averred to be direct and are labeled "intentional" trespasses. On the question of possible punitive damages, if on nothing else, the cases are connected.

Rule 1033 provides that a pleading may be amended to state a new cause of action arising after it has been filed so that ordinarily a permissive joinder can be effected by amendment.

Defendant argues that since his answer denies malice and no depositions were taken upon this hearing his denial must be accepted so that the basis for the joinder fails. But plaintiffs' right to join depends not upon the existence of malice, but upon their assertion that it does exist. Rule 2229 (a) states that: "Persons may join as plaintiffs who assert any right to relief . . . separately.". Rule 1044 reads that: "The plaintiff may state . . . two or more causes of action.". Rule 1033 says that "The amended pleading may aver transactions . . . after the filing of the original pleading. . . ". All these provisions, particularly the words "assert", "state" and "aver", point to the conclusion that the allegations of plaintiffs determine the right to join by amendment. Hence we do not see any necessity or use for depositions since the allegations control, despite defendant's answer. The rules do not require a preliminary trial on the existence of the fact of malice before the court can pass on joinder. If plaintiff is willing to assert upon his oath that malice exists we accept that fact for the purposes of this rule.

Rule absolute.